for the ___ Northern ___ District of ___ Texas ⌐ Fort Worth

ORIGINAL

United States of America

v.

DANTE ALIGHIERI MILANO

FILED by
JUN - 7 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

Criminal No.  4:00-CR-047-Y(3)

## 00-6155

### CR-ZLOCH

MAGISTRATE JUDGE
SELTZER

Consent to Transfer of Case

for Plea and Sentence

*(Under Rule 20)*

1, Dante Alighieri Milano , defendant, have been informed that a ___Indictment___ *(indictment,*

*information, complaint)* is pending against me in the above designated cause. I wish to plead ___ Guilty ___

*(guilty, nolo contendre)* to the offense charged, to consent to the disposition of the case in the ___Southern___

District of ___Florida___ in which I ___reside___ *(am under arrest, am held)* and to waive
(Fort Lauderdale Division)
trial in the above captioned District.

Dated. May 24 , 2000 at ___

(Defendant)   DANTE ALIGHIERI MILANO

(Witness)

(Counsel for Defendant)

Certified a true copy of an instrument
on file in my office on  6-7-00
NANCY HALL DOHERTY Clerk, U.S. District
Court, Northern District of Texas
By ___ Deputy

Approved

United States Attorney for the

United States Attorney for the

United States Attorney for the

___ Northern ___    ___ District of    ___Southern___    ___ District of

Texas    Florida

FORM USA 183
CD.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| vs. | *  NO. 4:00-CR-047-Y |
| | * |
| DANTE MILANO    (3) | * |

## PLEA AGREEMENT WITH WAIVER OF APPEAL

DANTE MILANO. the defendant herein. the defendant's attorney. Tim Day, the United States

Attorney for the Northern District of Texas, agree as follows:

### RIGHTS OF THE DEFENDANT

1.    The defendant understands the defendant's rights:

   a.    to plead not guilty;

   b.    to have a trial by jury;

   c.    to confront and cross-examine witnesses and to call witnesses in the defendant's defense; and

   d.    against compelled self-incrimination.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

2.    The defendant waives these rights and agrees to plead guilty to count one of the

indictment, charging the offense of Conspiracy to Commit Mail Fraud, in violation of Title 18, United

States Code, Sections 371 and 1341.

## SENTENCING

3.     The maximum penalty the Court can impose for the offense to which the defendant

is pleading guilty is:

> a.     imprisonment for a term of not more than five (5) years;
>
> b.     a fine not to exceed $250,000.00; or twice the pecuniary gain to the defendant or twice the pecuniary loss to any victims;
>
> c.     a term of supervised release of up to three (3) years shall follow any term of imprisonment. If the defendant violates any condition of supervised release, the defendant could be imprisoned for the entire term of supervised release;
>
> d.     a mandatory special assessment of one hundred dollars ($100.00); and
>
> f.     restitution.

5.     The sentence in this case will be imposed by the Court. There is no agreement as to

what that sentence will be. Sentencing is pursuant to the Sentencing Reform Act of 1984, making

the sentencing guidelines applicable. The defendant has reviewed the application of the guidelines

with his attorney, but understands that no one can predict with certainty what guideline range will be

applicable in this case until after a pre-sentence investigation has been completed and the Court has

ruled on the results of that investigation. The defendant will not be allowed to withdraw his plea if

the applicable guideline range is higher than expected, or if the Court departs from the applicable

guideline range. The defendant understands that the applicable guideline range merely sets a

presumptively appropriate sentencing range and the District Judge in this case has the authority to

impose a sentence above, within or below the range. It is expressly understood that the United States

Attorney may make any argument to the District Court supported by the facts of this case concerning

the proper application of the Sentencing Reform Act and the Sentencing Guidelines.

## DEFENDANT'S OBLIGATION

6. Upon demand, the defendant shall submit a personal financial statement under oath and/or submit to interviews by the United States Attorney's Office regarding the defendant's capacity to satisfy any fines.

## GOVERNMENT'S AGREEMENT

7. In the event the defendant fulfills all terms and conditions of this agreement and persists in his plea of guilty through sentencing, the United States Attorney for the Northern District of Texas agrees to not to prosecute the defendant for any other offense arising out of the conduct described in the factual resume and agrees to dismiss, as to this defendant only, the remaining counts of the indictment. In addition, pursuant to U.S.S.G. § 1B1.8(a), and except as provided in U.S.S.G. § 1B1.8(b), self incriminating information provided pursuant to this agreement, will not be used against the defendant in determining the applicable guideline range, except according to the terms of this agreement, in the case of a violation of this agreement by the defendant. The parties further agree, pursuant to Fed. R. Crim. P. 11(b)(1)(B), that the defendant would entitled to a minor role adjustment under the provisions of U.S.S.G. § 3B1.2(b). The parties further agree, pursuant to Fed. R. Crim. P. 11(e)(1)(B), that the defendant's ▇▇ use of ▇ narcotics as evidenced in the positive urine test administered ▇▇▇▇▇▇▇▇ *prior to the date of this agreement T.R.*, would not deprive the defendant of acceptance of responsibility under the provisions of U.S.S.G. § 3E1.1(a)(2). The parties further agree, pursuant to Fed. R. Crim. P. 11(e)(1)(B), that the intended loss in this case is $462,462.00.

8. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state or local prosecuting authorities.

## FACTUAL RÉSUMÉ

9.    The defendant has reviewed the Factual Resume in this case and agrees that the information contained therein is true and correct and agrees that it will be submitted to the Court as evidence and agrees that the facts set forth herein may be considered by the Court in determining what sentence to impose.

## REPRESENTATION OF COUNSEL

10.    The defendant has thoroughly reviewed all aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation.

## VOLUNTARY PLEA

11.    This plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence this Court will impose.

## BREACH OF AGREEMENT

12.    The defendant agrees that if the defendant commits a material breach of this Plea Agreement, the United States may declare this Plea Agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime or offense contained in or related to the indictment or information filed in this case, as well as, perjury and obstruction of justice. The defendant understands that any such subsequent prosecution of the defendant may be premised upon any information, statement(s) or testimony provided by the defendant and that such information, statement(s) or testimony, and all leads derived therefrom, may be used against the defendant.

## WAIVER OF APPEAL

13.    The defendant agrees and hereby waives any right to pursue any appeal or post-conviction writs from any sentence imposed under the Sentencing Guidelines if that sentence is within or below the Guideline range as determined by the Court. This waiver does not apply to appeal rights from a sentence in excess of the Guidelines range as determined by the Court. Defendant understands and agrees that this waiver does not create any right to be sentenced within or below any particular punishment range, and fully understands that determination of the sentencing range or Guideline level, as well as actual sentence imposed, is solely in the discretion of the Court. This waiver includes, but is not limited to, waiving of the defendant's right to file any motions under 28 U.S.C. §2241 or 28 U.S.C. §2255, or applications for writ of habeas corpus or of coram nobis, or other pleading seeking to vacate, modify, reduce, or in any manner amend the sentence imposed in this case.

## ENTIRETY OF AGREEMENT

14.    The above written instrument constitutes the entire plea agreement in this case between the defendant and the United States Attorney for the Northern District of Texas. No other promises or representations have been made. This instrument may not be altered unless done so in writing and signed by all parties.

AGREED to and SIGNED this $\underline{24}$ day of May, 2000.

PAUL E. COGGINS
UNITED STATES ATTORNEY

_____
DANTE MILANO
Defendant

_____
RICHARD B. ROPER
Assistant United States Attorney
State Bar No. 17233700
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102-6897
Telephone: 817/252-5200

_____
TIM DAY
Attorney for Defendant
Florida Bar No. 360325

_____
PAUL GARTNER
Deputy Criminal Chief
Assistant United States Attorney
State Bar No.07713700

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| UNITED STATES OF AMERICA | | * | |
|---|---|---|---|
| | | * | |
| vs. | | * | NO. 4:00-CR-047-Y |
| | | * | |
| DANTE ALIGHIERI MILANO | (3) | * | |

## FACTUAL RESUME

**SUPERSEDING**
**INDICTMENT**:    Guilty Plea to Count One of the Indictment-
Conspiracy to Commit Mail Fraud, in violation of Title 18, United States
Code. Sections 371 and 1341.

**PENALTIES**:    Up to **five (5) years imprisonment** and/or a fine of up to **$250,000.00 or
twice the pecuniary gain or loss**. A mandatory special assessment of
**$100.00** and a term of **supervised release of up to three (3) years**:
Revocation of the term of supervised release could result in an additional
sentence of three (3) years. The defendant can also be ordered to pay
**restitution** to any victims of the offense.

**ELEMENTS OF**
**THE OFFENSE**:

In order to establish the offense of Conspiracy to Commit Mail Fraud, as set out in
Count One of the Indictment, the government must prove the following elements
beyond a reasonable doubt:

1. That two or more persons made an agreement to commit the crime of Mail
   Fraud as charged in Count One of the Indictment;

2. That the defendant knew the unlawful purpose of the agreement and joined
   in it willfully, that is, with the intent to further the unlawful purpose; and

3. That during the existence of the conspiracy at least one of the conspirators
   committed an overt act in furtherance of the conspiracy alleged

**Factual Resume**                                                                                          **Page 1**

**STIPULATED FACTS**:

1.  Beginning on or about June 19, 1995, and continuing to on or about September 1, 1995, in the Fort Worth Division of the Northern District of Texas, and elsewhere, **STEVE ALLEN TURNBOW, also known as Don Allen, ERNST PETER HAMMER, DANTE ALIGHIERI MILANO,** and **CHARLES VICTOR SCHOTTA,** defendants, did knowingly and wilfully combine, conspire, confederate and agree together, and with each other, to commit offenses against the United States, mail fraud, in violation of Title 18, United States Code, Section 1341.

2.  **MILANO** worked at GSW, Inc., (GSW), a telemarketing company also known as Pro Vending, North American Pay Phone Group, Grand Prairie, Texas, and VRS, Vending Resale Services, Arlington, Texas. The principal operators of GSW were Steve Allen Turnbow, Anthony Bernard Meehan, and Gary Richard Taylor. **MILANO** worked as a salesman in the Vending Resale Services (VRS) part of GSW, Inc. During this time at GSW, employees used misleading advertisements and fraudulent sales pitches to sell vending machines to persons throughout the United States that responded to the advertisements placed by GSW. The scheme specifically involved placing false advertisements in the business opportunity sections of newspapers across the nation. These false advertisements were for non-existent vending routes. Employees answered telephone calls from individuals responding to the GSW, Inc.'s advertisements. GSW employees then provided false information to these callers knowing the information was false. During the time period of **MILANO'S** employment at GSW, total sales were approximately $693,693.00. **MILANO'S** personal sales were $102,620.00 resulting in commissions to **MILANO** of approximately $9,591.11. In furtherance of the conspiracy, on or about August 16, 1995, defendant, **DANTE ALIGHIERI MILANO,** caused an envelope containing a check from Ray Mixon, to be delivered by Federal Express to **DANTE MILANO,** Pro Vending, 870 Greenview Drive, Grand Prairie, Texas 75050.

SIGNED and AGREED on this the 24 day of May, 2000.

_____
DANTE ALIGHIERI MILANO
Defendant

_____
RICHARD B. ROPER
Assistant United States Attorney
Texas Bar No. 17233700

_____
TIM DAY
Attorney for the Defendant
Florida Bar No. 360325

**Factual Resume**                                                      **Page 3**

**United States District Court**
**Northern District of Texas**

00 - 6155

CR-ZL00H

*Nancy Doherty 501 West 10th Street Room 310*

CLERK, U.S. DIST. CT.
S.D. OF FLA.-FTL
*Fort Worth, TX 76102-3673*

**MAGISTRATE JUDGE**
**SELTZER**

June 1, 2000

OOm 4074-B55

Carlos K. Juenke, Clerk/Court Administrator
U.S. Courthouse
299 East Broward Boulevard
Fort Lauderdale, FL 33301

SUBJECT: 4:00-cr-047-Y USA vs. Milano

Dear Mr. Juenke

The following documents are enclosed herewith pursuant to Rule 20 of the Federal Rules of Criminal Procedure:

Certified Copies: Indictment, Arrest Warrant, Motion by USA, Order and Arrest Warrant

Please acknowledge receipt of the above file on the enclosed copy of this letter.

Sincerely,
NANCY DOHERTY
*Clerk of Court*

By: _____
Heather Arnold
*Deputy Clerk*

Enclosures
Copy to Pre-Trial and AUSA

U.S. District Court
FLS - Southern District of Florida FtLauderdale

CRIMINAL DOCKET FOR CASE #: 00-M -4074

USA v. Milano                                        Filed: 04/11/00
Assigned to: Barry S. Seltzer


Dkt # in other court: None

USA
      plaintiff

      v.

DANTE ALIGHIERI MILANO                  Public Defender
      defendant                         (COR LD NTC pd)
                                        Federal Public Defender's Office
                                        101 NE 3rd Avenue
                                        Suite 202
                                        Fort Lauderdale, FL  33301-1145
                                        954-356-7436

Docket as of June 6, 2000 1:31 pm                       Page 1

------------------------------------

04/11/00   1      REPORT Commencing Criminal Action as to Dante Alighieri
                  Milano  DOB: 3/13/59  Prisoner # 55265-004 (pb)
                  [Entry date 04/12/00]

04/11/00   2      Minute of initial appearance on removal held on 4/11/00
                  before Magistrate Barry S. Seltzer as to Dante Alighieri
                  Milano ;  Tape #: 00-025 (pb) [Entry date 04/12/00]

04/11/00   3      ORDER on Initial Appearance as to Dante Alighieri Milano
                  Bond set to $200,000 personal surety ., |for Appointment of
                  Public Defender|, ||, || ( Signed by Magistrate Barry S.
                  Seltzer on 4/11/00) Tape # 00-025 CCAP (pb)
                  [Entry date 04/12/00]

04/11/00   4      WAIVER of Rule 40 Hearings by Dante Alighieri Milano (pb)
                  [Entry date 04/12/00]

04/11/00   5      ORDER OF REMOVAL as to Dante Alighieri Milano ( Signed by
                  Magistrate Barry S. Seltzer on 4/11/00) CCAP [EOD Date:
                  4/12/00] Tape # 00-025 CCAP☐ (pb) [Entry date 04/12/00]

04/12/00   6      10% BOND entered by Dante Alighieri Milano  in  Amount $
                  10,000 Receipt # 401 519079   Approved by Magistrate Barry
                  S. Seltzer .  Surrender passports/travel documents;  Report
                  to PTS as follows: as directed  Random urine testing; Avoid
                  victims/witnesses;  No firearms/weapons;  Additional
                  conditions: reside at current address; no illegal drugs or
                  excessive alcohol. (pb)

04/12/00   7      PERSONAL SURETY BOND entered by Dante Alighieri Milano  in
                  Amount $ 200,000   Approved by Magistrate Barry S. Seltzer
                  . (pb)

04/12/00   8      Transmittal Letter sent  to District of Northern Texas in
                  case as to Dante Alighieri Milano with original magistrate
                  paperwork and docket sheet. (pb)

05/09/00   9      MOTION by Dante Alighieri Milano |to modify conditions| of
                  bond (dd) [Entry date 05/10/00]

05/10/00   10     ORDER as to Dante Alighieri Milano  denying [9-1] motion to
                  modify conditions as to Dante Alighieri Milano (1) ( Signed
                  by Magistrate Barry S. Seltzer on 5/10/00) CCAP [EOD Date:
                  5/10/00] CCAP☐ (dd)

U.S. District Court
Northern District of Texas (Fort Worth)

CRIMINAL DOCKET FOR CASE #: 00-CR-47-3

USA v. Turnbow, et al                                    Filed: 03/16/00
Case Assigned to:  Judge Terry R Means
Dkt# in other court: None

Certified a true copy of an instrument
on file in my office on _____
NANCY HALL DOHERTY, Clerk, U.S. District
Court, Northern District of Texas
By _____ Deputy

INTERNAL USE ONLY: Events between 1/1/31 and 12/31/30.
4:00cr47-3 USA v. Turnbow, et al

STEVE ALLEN TURNBOW, also known as Don Allen

defendant

=========================

ERNST PETER HAMMER

defendant

=========================

DANTE ALIGHIERI MILANO

defendant

=========================

CHARLES VICTOR SCHOTTA

defendant

=========================

USA

plaintiff

U. S. Attorneys:

Richard B Roper, Attorney at
Law
817/978-6381 FAX
[COR LD NTC usa]
US Attorney's Office
Burnett Plaza
801 Cherry Street
Suite 1700
Fort Worth, TX 76102
USA
817/252-5200

INTERNAL USE ONLY: Events between 1/1/31 and 12/31/30.
4:00cr47-3 USA v. Turnbow, et al

3/16/00  1      INDICTMENT as to Steve Allen Turnbow (1) count(s) 1, 2-3,
                4-6, 7, 8-11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22,
                23, 24, 25-26, 27, 28, 29-30, 31, 32-35, Ernst Peter Hammer
                (2) count(s) 1, 13, 15, 18, 20, 24, 28, Dante Alighieri
                Milano (3) count(s) 1, 19, 21, 23, 29-30, Charles Victor
                Schotta (4) count(s) 1, 4-6, 8-11, 17, 22, 27 (12pgs) (geb)
                [Entry date 03/16/00]

3/16/00  --     **Added Government Attorney Richard B Roper (geb)
                [Entry date 03/16/00]

3/16/00  4      Arrest WARRANT issued as to Dante Alighieri Milano (1) (geb)
                [Entry date 03/16/00]

4/11/00  --     ARREST of Dante Alighieri Milano in Southern District of
                Florida (fba) [Entry date 04/14/00]

4/11/00  --     WAIVER of Rule 40 Hearings by Dante Alighieri Milano (fba)
                [Entry date 04/14/00]

4/11/00  --     Removal hearing as to Dante Alighieri Milano  held (fba)
                [Entry date 04/14/00]

4/12/00  --     ORDER Setting Conditions of Release as to Dante Alighieri
                Milano ; ORDER 10% BOND; Bond set to Personal Surety Bond
                for Dante Alighieri Milano. (fba) [Entry date 04/14/00]

4/14/00  --     Rule 40 Documents as to Dante Alighieri Milano received
                from Southern District of Florida received Report
                Commencing Criminal Action, Minute of initial appearance on
                removal, order on initial appearance, Waiver of Rule 40
                Hearings, Order of Removal, 10% Bond, Personal Surety Bond
                (fba) [Entry date 04/14/00]

4/14/00  .      **Excludable XF start as to Dante Alighieri Milano (fba)
                [Entry date 04/14/00]

5/17/00  26     MOTION by USA  as to Dante Alighieri Milano to continuance
                of arraignment   (3pgs) (fba) [Entry date 05/18/00]
                [Edit date 05/24/00]

5/18/00  27     ORDER as to Dante Alighieri Milano  granting [26-1] motion
                to continuance as to Dante Alighieri Milano (3)  reset
                Arraignment for 9:00 5/25/00 for Dante Alighieri Milano
                cc: all  Page(s): 1 ( Signed by Judge Terry R. Means ) (fba)
                [Entry date 05/18/00]

5/26/00  28     Arrest WARRANT Returned Executed as to Dante Alighieri
                Milano on 4/11/00 in Ft. Lauderdale, Fl by U.S. Postal
                Inspector McDonough for Jeffrey S. Hay, USMS   (15+pgs) (fba)
                [Entry date 05/30/00]

INTERNAL USE ONLY: Events between 1/1/31 and 12/31/30.
4:00cr47-3 USA v. Turnbow, et al

5/31/00   29      Consent to Transfer Jurisdiction (Rule 20) to Southern
                  District of Florida as to Dante Alighieri Milano Terminated
                  motions: Counts closed: Dante Alighieri Milano (3) count(s)
                  1, 19, 21, 23, 29-30 (fba) [Entry date 06/01/00]

5/31/00   --      **Termination of party Dante Alighieri Milano pending
                  deadlines and pending motions as to Dante Alighieri Milano
                  (fba) [Entry date 06/01/00]

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

---

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| V. | * **CRIMINAL NO.** _____ |
| | * |
| **STEVE ALLEN TURNBOW** (1) | * |
| **also known as Don Allen** | * |
| **ERNST PETER HAMMER** (2) | * |
| **DANTE ALIGHIERI MILANO** (3) | * |
| **CHARLES VICTOR SCHOTTA** (4) | * |

4 - 0 0 C R - 0 4 - Y

The Grand Jury Charges:

## INTRODUCTION

A.    **At all times material to this Indictment:**

1.    Defendants, **STEVE ALLEN TURNBOW, also known as Don Allen, ERNST PETER HAMMER, DANTE ALIGHIERI MILANO, and CHARLES VICTOR SCHOTTA,** would operate a telemarketing company known as GSW, Inc., (GSW), also known as Pro Vending and Vending Resale Services, Grand Prairie, Texas.

2.    Defendant, **STEVE ALLEN TURNBOW, also known as Don Allen,** was a co-owner of GSW, also known as Pro Vending and Vending Resale Services, Grand Prairie, Texas, and owner of a locating company known as Allstate Systems.

3.    Defendants, **ERNST PETER HAMMER, DANTE ALIGHIERI MILANO, and CHARLES VICTOR SCHOTTA**, were sales representatives at GSW, also known as Pro Vending and Vending Resale Services, Grand Prairie, Texas.

Certified a true copy of an instrument
on file in my office on _____
NANCY DOHERTY, Clerk, US District
Court Northern District of Texas
By _____ Deputy

INDICTMENT - PAGE 1

B.    **The Scheme.**

1.    Beginning at least on or about February 14, 1995, and continuing to on or about September 1, 1995, in the Fort Worth Division of the Northern District of Texas and elsewhere, the defendants and others did knowingly and wilfully devise and intend to devise a scheme and artifice to defraud individuals of money and property and to obtain money and property by means of false and fraudulent pretenses, representations and promises, and to use the United States Mail and a private, commercial interstate carrier, namely Federal Express, for the purpose of executing the scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

2.    It was part of the said scheme and artifice to defraud and obtain money and property by means of false and fraudulent pretenses, representations, and promises:

(a)    that the defendants and others would place false advertisements in the business opportunity sections of newspapers across the nation, representing that there were existing vending routes for sale;

(b)    that the defendants and others would place telephone calls to individuals responding to these advertisements;

(c)    that the defendants and others would provide false information to these callers, in an effort to obtain money, knowing the information was false;

(d)    that the defendants and others would provide a Federal Express account number to callers for the purpose of sending payment to an address in Grand Prairie, Texas; and

(e)    that the defendants and others would ship vending machines to people who sent payment to GSW, also known as Pro Vending and Vending Resale Services, Grand Prairie, Texas.

3.    It was a further part of the scheme and artifice to defraud that the defendants would and did make and cause to be made false and fraudulent pretenses, representations, and promises to individuals, intending to obtain money and property, knowing the representations were false and fraudulent when made, including, but not limited to the following:

INDICTMENT - PAGE 2

(a)     that Vending Resale Services had existing vending routes for sale;

(b)     that Pro Vending and Vending Resale Services were separate companies;

(c)     that GSW, also known as Pro Vending and Vending Resale Services had certain characteristics and a certain background and reputation;

(d)     that vending machines offered for sale would produce a guaranteed number of sales per day;

(e)     that purchasers would receive exclusive areas for placement of vending machines;

(f)     that vending machines could be easily placed at hotels and motels in the purchaser's area;

(g)     that Pro Vending was negotiating with major hotel and motel chains for the placement of vending machines;

(h)     that hotels and motels would charge no fees or commissions to place and maintain vending machines on their premises; and

(i)     that purchaser's would recover their investment within a certain period of time.


## COUNT 1

A.     Beginning on or about February 14, 1995, and continuing to on or about September 1, 1995, in the Fort Worth Division of the Northern District of Texas, and elsewhere, **STEVE ALLEN TURNBOW, also known as Don Allen, ERNST PETER HAMMER, DANTE ALIGHIERI MILANO, and CHARLES VICTOR SCHOTTA**, defendants, did knowingly and wilfully combine, conspire, confederate and agree together, and with each other, to commit offenses against the United States, to wit:

(1)     mail fraud, in violation of Title 18, United States Code, Section 1341; and

(2)     the laundering of monetary instruments, in violation of Title 18, United States Code, Section 1956 (a)(1)(A)(i), (B)(i) and 2.

INDICTMENT - PAGE 3

B.    The manner and the means used by the defendants to effect the objects of the conspiracy are set out in the Introduction of this Indictment, and are realleged herein.

C.    In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Fort Worth Division of the Northern District of Texas and elsewhere:

## OVERT ACTS

1.    On or about June 6, 1995, defendant, **STEVE ALLEN TURNBOW, also known as Don Allen,** filed an Assumed Name Certificate in Tarrant County, Texas for Pro Vending, 870 Greenview Drive, Grand Prairie, Texas 75050.

2.    On or about June 16, 1995, defendant, **STEVE ALLEN TURNBOW, also known as Don Allen,** opened a checking account in the name of GSW, Inc., d/b/a Pro Vending at Central Bank & Trust located in Arlington, Texas.

3.    On or about April 24, 1995, defendant, **CHARLES VICTOR SCHOTTA,** caused an envelope containing a check from Kandi Doyle, to be delivered by Federal Express to **CHARLES SCHOTTA,** Pro Vending, 870 Greenview Drive, Grand Prairie, Texas 75050.

4.    On or about July 6, 1995, defendant, **ERNST PETER HAMMER,** caused an envelope containing a check from Linda Ryland, to be delivered by Federal Express to **PETER HAMMER,** Pro Vending, 870 Greenview Drive, Grand Prairie, Texas 75050.

5.    On or about August 16, 1995, defendant, **DANTE ALIGHIERI MILANO,** caused an envelope containing a check from Ray Mixon, to be delivered by Federal Express to **DANTE MILANO,** Pro Vending, 870 Greenview Drive, Grand Prairie, Texas 75050.

6-39.    For Overt Acts 6 through 39, the Grand Jury realleges counts 2 through 35 of this Indictment.

In violation of Title 18, United States Code, Section 371 [18 USC § 1341 and 18 USC §§ 1956(a)(1)(A)(i), (B)(i) and 2].

INDICTMENT - PAGE 4

## COUNTS 2-30

1.    The Grand Jury realleges all of the allegations of the Introduction of this Indictment.

2.    On or about the dates set forth below under the heading **"DATE OF DELIVERY"** for each of Counts 2 through 30 respective, in the Fort Worth Division of the Northern District of Texas, the defendant or defendants listed below under the heading **"DEFENDANT(S)"** for each of Counts 2 through 30 respective, aided and abetted by each other and others, for the purpose of knowingly and wilfully executing and attempting to execute the aforesaid scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, knowingly and wilfully caused to be delivered by the United States Postal Service and a private, commercial interstate carrier, namely Federal Express, according to the directions thereon, an envelope addressed to 870 Greenview Drive, Grand Prairie, Texas 75050, containing the matter listed below under the heading **"DESCRIPTION OF CONTENTS"**, for each of Counts 2 through 30 respective:

| COUNT | DATE OF DELIVERY | DEFENDANT(S) | DESCRIPTION OF CONTENTS |
|---|---|---|---|
| 2 | 2/21/95 | STEVE ALLEN TURNBOW | Check dated 2/19/95, in the amount of $2,359.72, from Ronnie Rowe. |
| 3 | 3/22/95 | STEVE ALLEN TURNBOW | Cashier's check dated 3/21/95 In the amount of $7,665, from Pamela M. McNabb. |
| 4 | 3/30/95 | STEVE ALLEN TURNBOW CHARLES VICTOR SCHOTTA | Check dated 3/29/95, in the amount of $15,740, from Lorraine O'Brien. |
| 5 | 4/21/95 | STEVE ALLEN TURNBOW CHARLES VICTOR SCHOTTA | Cashier's check dated 4/20/95, in the amount of $6,825, from David C. Tate. |
| 6 | 4/24/95 | STEVE ALLEN TURNBOW CHARLES VICTOR SCHOTTA | Check dated 4/21/95, in the amount of $15,780, from Kandi Doyle. |

| COUNT | DATE OF DELIVERY | DEFENDANT(S) | DESCRIPTION OF CONTENTS |
|-------|------------------|--------------|-------------------------|
| 7 | 4/25/95 | STEVE ALLEN TURNBOW | Cashier's check dated 4/24/95, in the amount of $11,350, from Donald Collins. |
| 8 | 4/29/95 | STEVE ALLEN TURNBOW CHARLES VICTOR SCHOTTA | Cashier's check dated 4/28/95, in the amount of $4,095, from Marty Reardon. |
| 9 | 5/08/95 | STEVE ALLEN TURNBOW CHARLES VICTOR SCHOTTA | Cashier's check dated 5/04/95, in the amount of $4,912.50, from Elisa Schneiderman. |
| 10 | 5/09/95 | STEVE ALLEN TURNBOW CHARLES VICTOR SCHOTTA | Check dated 5/08/95, in the amount of $13,150, from Gary R. Piva. |
| 11 | 5/10/95 | STEVE ALLEN TURNBOW CHARLES VICTOR SCHOTTA | Cashier's check dated 5/09/95, in the amount of $4,912.50, from Joan Schneiderman. |
| 12 | 5/16/95 | STEVE ALLEN TURNBOW | Cashier's check dated 5/15/95, in the amount of $1,000, from Velma Cleland. |
| 13 | 5/18/95 | STEVE ALLEN TURNBOW ERNST PETER HAMMER | Check dated 5/17/95, in the amount of $8,385, from David Holman. |
| 14 | 5/24/95 | STEVE ALLEN TURNBOW | Cashier's check dated 5/23/95, in the amount of $16,408.02, from Velma Cleland. |
| 15 | 5/28/95 | STEVE ALLEN TURNBOW ERNST PETER HAMMER | Cashier's check dated 5/25/95 in the amount of $9,855, from Larry Conrad. |
| 16 | 5/31/95 | STEVE ALLEN TURNBOW | Cashier's check dated 5/30/95, in the amount of $12,155, from Booker T. Harris. |
| 17 | 6/02/95 | STEVE ALLEN TURNBOW CHARLES VICTOR SCHOTTA | Check dated 6/01/95, in the amount of $7,125, from Robert McKenny. |

| COUNT | DATE OF DELIVERY | DEFENDANT(S) | DESCRIPTION OF CONTENTS |
|-------|------------------|--------------|-------------------------|
| 18 | 6/16/95 | STEVE ALLEN TURNBOW<br>ERNST PETER HAMMER | Check dated 6/15/95, in the amount of $16,915, from Gesner A. Brutus. |
| 19 | 6/28/95 | STEVE ALLEN TURNBOW<br>DANTE ALIGHIERI MILANO | Cashier's check dated 6/27/95 in the amount of $3,832.50, from Gary J. McHatton. |
| 20 | 7/06/95 | STEVE ALLEN TURNBOW<br>ERNST PETER HAMMER | Check dated 7/05/95, in the amount of $5,475, from Linda W. Ryland.. |
| 21 | 7/12/95 | STEVE ALLEN TURNBOW<br>DANTE ALIGHIERI MILANO | Cashier's check dated 7/11/95 in the amount of $8,465, from Norman K. Heldberg. |
| 22 | 7/12/95 | STEVE ALLEN TURNBOW<br>CHARLES VICTOR SCHOTTA | Checks dated 7/10/95 in the amount of $11,615, from Marie T. Niboli and 7/11/95 in the amount of $9,700 from K. Niboli. |
| 23 | 7/13/95 | STEVE ALLEN TURNBOW<br>DANTE ALIGHIERI MILANO | Check dated 7/11/95 in the amount of $5,475, from Devon R. Lehman. |
| 24 | 7/24/95 | STEVE ALLEN TURNBOW<br>ERNST PETER HAMMER | Check dated 7/21/95, in the amount of $7,665, from Gina Martin. |
| 25 | 7/26/95 | STEVE ALLEN TURNBOW | Check dated 7/25/95, in the amount of $1,000, from Roger Waldo. |
| 26 | 8/01/95 | STEVE ALLEN TURNBOW | Cashier's check dated 7/31/95 in the amount of $12,940, from Roger Waldo. |
| 27 | 8/01/95 | STEVE ALLEN TURNBOW<br>CHARLES VICTOR SCHOTTA | Check dated 7/31/95 in the amount of $11,615, from Marie T. Niboli. |

INDICTMENT - PAGE 7

| COUNT | DATE OF DELIVERY | DEFENDANT(S) | DESCRIPTION OF CONTENTS |
|-------|------------------|--------------|--------------------------|
| 28 | 8/14/95 | STEVE ALLEN TURNBOW ERNST PETER HAMMER | Cashier's check dated 8/11/95, in the amount of $3,285, from Ronald Russell. |
| 29 | 8/14/95 | STEVE ALLEN TURNBOW DANTE ALIGHIERI MILANO | Cashier's check dated 8/11/95 in the amount of $5,475, from Shari L. Sawilski. |
| 30 | 8/17/95 | STEVE ALLEN TURNBOW DANTE ALIGHIERI MILANO | Check dated 8/16/95 in the amount of $6,270, from Ray Mixon. |

Each in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 31

1.    The Grand Jury realleges all of the allegations of the Introduction of this Indictment.

2    On or about March 22, 1995, in the Fort Worth Division of the Northern District of Texas, **STEVE ALLEN TURNBOW, also known as Don Allen,** for the purposes of executing the aforesaid scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, wilfully and knowingly caused to be delivered by the United States Mail according to the direction thereon, an envelope addressed to Allstate Systems, 4401 Green Oaks Blvd., Suite 126, Arlington, Texas 76016, which contained a check in the amount of $600.00 from Ron Odalen.

In violation of Title 18, United States Code, Sections 1341 and 2.

INDICTMENT - PAGE 8

## COUNT 32

On or about July 3, 1995, in the Fort Worth Division of the Northern District of Texas and elsewhere, **STEVE ALLEN TURNBOW, also known as Don Allen,** defendant, aided and abetted by others, did knowingly and wilfully conduct and attempt to conduct a financial transaction affecting interstate commerce, namely, the negotiation of check number 005067, drawn on Central Bank & Trust, Fort Worth, Texas, in the amount of $7,200, from GSW, Inc., dba Pro Vending, payable to Vending Resales, which involved the proceeds of a specified unlawful activity, namely, mail fraud, in violation of Title 18, United States Code, Sections 1341, with the intent to promote the carrying on of the specified unlawful activity and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (B)(i) and 2.

## COUNT 33

On or about July 19, 1995, in the Fort Worth Division of the Northern District of Texas and elsewhere, **STEVE ALLEN TURNBOW, also known as Don Allen,** defendant, aided and abetted by others, did knowingly and wilfully conduct and attempt to conduct a financial transaction affecting interstate commerce, namely, the negotiation of check number 005130, drawn on Central Bank & Trust, Fort Worth, Texas, in the amount of $14,150, from GSW, Inc., dba Pro Vending, payable to Vending Resales, which involved the proceeds of a specified unlawful activity, namely, mail fraud, in violation of Title 18, United States Code, Sections 1341, with the intent to promote the carrying on of the specified unlawful activity and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved represented the proceeds of

INDICTMENT - PAGE 9

some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (B)(i) and 2.

## COUNT 34

On or about August 4, 1995, in the Fort Worth Division of the Northern District of Texas and elsewhere, **STEVE ALLEN TURNBOW, also known as Don Allen,** defendant, aided and abetted by others, did knowingly and wilfully conduct and attempt to conduct a financial transaction affecting interstate commerce, namely, the negotiation of check number 005203, drawn on Central Bank & Trust, Fort Worth, Texas, in the amount of $11,850, from GSW, Inc., dba Pro Vending, payable to Vending Resales, which involved the proceeds of a specified unlawful activity, namely, mail fraud, in violation of Title 18, United States Code, Sections 1341, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (B)(i) and 2.

## COUNT 35

On or about August 10, 1995, in the Fort Worth Division of the Northern District of Texas and elsewhere, **STEVE ALLEN TURNBOW, also known as Don Allen,** defendant, aided and abetted by others, did knowingly and wilfully conduct and attempt to conduct a financial transaction affecting interstate commerce, namely, the negotiation of check number 005214, drawn on Central Bank & Trust, Fort Worth, Texas, in the amount of $11,600, from GSW, Inc., dba Pro Vending, payable to Vending Resales, which involved the proceeds of a specified unlawful activity, namely, mail fraud, in violation of Title 18, United States Code, Sections 1341, with the intent to promote the carrying on of the specified unlawful activity and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, and that while conducting and attempting

INDICTMENT - PAGE 10

to conduct such financial transaction  knew that the property involved represented the proceeds of

some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (B)(i) and 2.

A TRUE BILL.

FOREPERSON

PAUL E. COGGINS
UNITED STATES ATTORNEY

RICHARD B. ROPER
Assistant United States Attorney
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817-252-5200
Facsimile : 817-978-3094
State Bar No. 17233700

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

---

THE UNITED STATES OF AMERICA

VS.

**STEVE ALLEN TURNBOW     (1)**
**also known as Don Allen**
**ERNST PETER HAMMER     (2)**
**DANTE ALIGHIERI MILANO  (3)**
**CHARLES VICTOR SCHOTTA (4)**

---

INDICTMENT

18 U.S.C. § 371
18 U.S.C. § 1341 and 2
18 U.S.C. § 1956(a)(1)(A)(i), (B)(i) and 2

Conspiracy; Mail Fraud; Money Laundering, Aiding and Abetting

(35 COUNTS)

---

A True bill,

FORT WORTH                                        Foreman

Filed in open court this 16th day of March, A.D. 2000

                                                        Clerk

UNITED STATES DISTRICT JUDGE

WARRANT TO ISSUE as to each defendant

INDICTMENT - PAGE 18

# United States District Court
## Northern District of Texas
*Fort Worth Division*

UNITED STATES OF AMERICA
V.
**DANTE ALIGHIERI MILANO**
AKA:

**WARRANT FOR ARREST**

CASE NUMBER: 4:00CR-0047-Y
MAG. CASE NUMBER:

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest **DANTE ALIGHIERI MILANO** and bring him or her forthwith to the nearest magistrate to answer a(n)

☑ Indictment ☐ Information ☐ Complaint ☐ Order of Court ☐ Violation Notice ☐ Probation Violation Petition

charging him or her with:

**CONSPIRACY, MAIL FRAUD, MONEY LAUNDERING AND AIDING AND ABETTING**

in violation of Title 18 United States Code, Section(s) 371, 1341, 1956(a)(1)(A)(i), (B)(i) & 2.

| | |
|---|---|
| NANCY DOHERTY | CLERK, U.S. DISTRICT COURT |
| Name of Issuing Officer | Title of Issuing Officer |
| HONORABLE JOHN MCBRYDE | 3/16/00 @ Fort Worth |
| U.S. District Judge | Date and Location |

By: *Beth Browning, Deputy Clerk*

Certified a true copy of an instrument
on file in my office on 10-1-00
NANCY DOHERTY, Clerk, U.S. District
Court, Northern District of Texas
By _____ Deputy

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

UNITED STATES OF AMERICA     *
                            *

VS.                         *    CRIMINAL NO. 4-00-CR-047-Y
                            *

DANTE ALIGHIERI MILANO     (3)     *

## MOTION FOR CONTINUANCE

TO THE HONORABLE JUDGE TERRY R. MEANS:

COMES NOW, the United States Attorney and respectfully moves the Court to enter an

Order continuing the Arraignment Hearing in the captioned case currently scheduled for 9:00 a.m.

on May 18, 2000. As grounds therefore, the parties would show:

Counsel for defendant DANTE ALIGHIERI MILANO contacted this office indicating

defendant MILANO will plead guilty to the Indictment in the Southern District of Florida, pursuant

to Rule 20 of the Federal Rules of Criminal Procedure. See Government's Exhibit 1.

Counsel for the Government joins in the request for continuance of the Arraignment Hearing.

Respectfully submitted,

PAUL E. COGGINS
UNITED STATES ATTORNEY

RICHARD B. ROPER
ASSISTANT UNITED STATES ATTORNEY
State Bar of Texas Number 17233700
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone No. 817/252-5225
Facsimile No. 817/978-3094

Certified a true copy of an instrument
on file in my office on _[Q-1-0C]_
NANCY DOHERTY, Clerk, U.S. District
Court, Northern District of Texas
By _____ Deputy

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferenced with Timothy Day on the 16th day of May, 2000, regarding

the filing of this motion. Mr. Day is not opposed to the court granting said request for continuance.

RICHARD B. ROPER
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response was mailed this 17th

day of May 2000, to Timothy Day, 101 Northeast Third Ave., Suite 202, Ft. Lauderdale, FL 33301-

1100, counsel for Dante Alighieri Milano, in accordance with the provisions of Rule 49 of the

Federal Rules of Criminal Procedure.

RICHARD B. ROPER
Assistant United States Attorney

# FEDERAL PUBLIC DEFENDER
Southern District of Florida

**Kathleen M. Williams**
**Federal Public Defender**

Location:_____Fort Lauderdale_____

**Reuben Camper Cahn**
**Chief Assistant Federal Public Defender**

<u>Miami:</u>

Stewart G. Abrams
Mary R. Barsco
Henry P. Bell
Paul A. Calli
Miguel Caridad
Michael Caruso
Timothy Cone
Vincent P. Farina
Hector L. Flores
Margaret Y. Foldes
Luis I. Guerra
Krista A. Halla
Celeste Siblesz Higgins
Richard C. Klugh, Jr.
Paul M. Korchin
Richard J. Lautenbach
Anne Lyons
T. Omar Malone
Joaquin Mendez
Faith Mesnekoff
R. Fletcher Peacock
Bonnie Phillips-Williams
Paul M. Rashkind
Hugo A. Rodriguez
Jacqueline Rubin
Migna Sanchez-Llorens
Jacqueline E. Shapiro
Kenneth M. Swartz
William L. Thomas
Helen C. Trainor
Daryl E. Wilcox

Richard Roper
Assistant United States Attorney
Fort Worth Texas

May 16, 2000

> **Re:   United States v. Dante Milano**
> **Case No.  4-00CR-047-Y**

Dear Richard :

   Please reset the initial appearance presently set for May 17, 2000 in the above styled case. Mr. Milano intends to plead guilty and be sentenced in the Southern District of Florida pursuant to Fed. R. Crim. P. 20. I will contact the AUSA here to facilitate the disposition. Please contact me so that we can move forward as discussed.

Sincerely,

TIMOTHY DAY
Assistant
Federal Public Defender
Extension 109

<u>Ft. Lauderdale:</u>

Robert N. Berube
Martin J. Bidwill
Brenda G. Bryn
Timothy M. Day
Robin Farnsworth
Patrick M. Hunt
Bernardo Lopez
Samuel J. Smargon
Gail M. Stage

<u>West Palm Beach:</u>

Robert E. Adler
Lori E. Barrist
Peter Birch
Dave Lee Brannon
Robin C. Rosen-Evans
Leon Daniel Watts

Exhibit 1

---

| **Miami** | **Ft. Lauderdale** | **West Palm Beach** |
| --- | --- | --- |
| 150 West Flagler Street | 101 Northeast Third Avenue | 400 Australian Avenue North |
| Suite 1700 | Suite 202 | Suite 300 |
| Miami, Fl 33130-1556 | Ft. Lauderdale, FL 33301-1100 | West Palm Beach, FL 33401-5040 |
| Tel: (305) 530-7000 | Tel: (954) 356-7436 | Tel. (561) 833-6288 |
| Fax: (305) 536-4559 | Fax: (954) 356-7556 | Fax: (561) 833-0368 |

# United States District Court
## Northern District of Texas
*Fort Worth Division*

UNITED STATES OF AMERICA
V.

**DANTE ALIGHIERI MILANO**
AKA:

**WARRANT FOR ARREST**

CASE NUMBER: 4:00CR-0047-Y
MAG. CASE NUMBER:

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest **DANTE ALIGHIERI MILANO** and bring him or her forthwith to the nearest magistrate to answer a(n)

☑ Indictment   ☐ Information   ☐ Complaint   ☐ Order of Court   ☐ Violation Notice   ☐ Probation Violation Petition

charging him or her with:

### CONSPIRACY, MAIL FRAUD, MONEY LAUNDERING AND AIDING AND ABETTING

in violation of Title 18 United States Code, Section(s) 371, 1341, 1956(a)(1)(A)(i), (B)(i) & 2.

| NANCY DOHERTY | CLERK, U.S. DISTRICT COURT |
|---|---|
| Name of Issuing Officer | Title of Issuing Officer |

| HONORABLE JOHN MCBRYDE | 3/16/00 @ Fort Worth |
|---|---|
| U.S. District Judge | Date and Location |

By: *Beth Brn* Certified a true copy of an instrument
Beth Browning, *Deputy Clerk* my office on 10-1-00
NANCY DOHERTY, Clerk, U.S. District
Court, Northern District of Texas
By _____ Deputy

**U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED**

4:34
MAY 26 2000

NANCY DOHERTY, CLERK
BY _____ ~~Deputy~~

**RETURN**

This warrant was received and executed with the arrest of the above-named defendant at _____

Ft. Lauderdale, FL

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST 4/11/00 | US Postal Inspector McDonough for | *[signature]* US Postal |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| VS. | * | CRIMINAL NO. 4-00-CR-047-Y |
| | * | |
| DANTE ALIGHIERI MILANO    (3) | * | |

## ORDER ON MOTION FOR CONTINUANCE

WHEREAS, the United States Attorney filed a motion requesting a continuance of the

Arraignment Hearing, setting forth the grounds for said continuance in said motion; accordingly, the

Court finds that for the reasons set forth in the motion the ends of justice would be served to the best

interest of the public and the defendant, by the granting of the joint motion for continuance.

IT IS THEREFORE ORDERED that the Arraignment Hearing in this cause be and hereby

is continued, and said hearing is hereby set for _Thursday, May 25_, at _9:00 a.m._.

ENTERED this _18th_ day of _May_, 2000.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

Certified a true copy of an instrument
on file in my office on _____
NANCY DOHERTY, Clerk, U.S. District
Court, Northern District of Texas
By _____ Deputy

ENTERED ON DOCK..T

MAY   8 2000

U.S. DISTRICT C...